IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3277-FL

| | |
|---|---|
| DAVID KADEEM HEMINGWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| COLUMBUS COUNTY SHERIFF'S ) | |
| OFFICE; RENE TREVINO, detective; ) | |
| and LEWIS HATCHER, sheriff, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' motions to dismiss for failure to state a claim. (DE 13, DE 18). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants defendants' motions.

**STATEMENT OF THE CASE**

On October 21, 2016, plaintiff, a pretrial detainee incarcerated in Columbus County detention center during the relevant period, filed this civil rights action pro se pursuant to 42 U.S.C. § 1983, asserting claims based on "Laws involving: Miranda, false imprisonment, detainment and arrest, fraudulent evidence." (Complaint (DE 1) at 5). Additionally, plaintiff appears to be asserting violations of his right to a speedy trial and right to face his accuser. (See id.; DE 25). On May 17, 2017, the court completed its frivolity review and ordered that the case proceed. (DE 8). On June 15, 2017, defendant Columbus County Sheriff's Office ("Sheriff's Office") filed the instant motion to dismiss, arguing the Sheriff's Office is not an entity capable of being sued. On June 19, 2017, all defendants filed a motion to dismiss, arguing that defendants cannot be liable for the claims asserted by plaintiff and that plaintiff's claims are barred by the doctrine established by Younger v.

Harris, 401 U.S. 37 (1971) ("Younger doctrine"). Plaintiff filed a response to defendants' motions on July 3, 2017, to which all defendants replied on July 6, 2017.

## STATEMENT OF THE FACTS

The relevant facts alleged in the complaint are as follows. In June 2013, plaintiff was arrested by the Fair Bluff Police Department pursuant to an arrest warrant on charges of "burglary, safe cracking, possession [of a] firearm, [possession of a] firearm by a felon[], conspiracy, [and] larceny." (Complaint (DE 1) at 6). Plaintiff disputes these charges and the "false imprisonment" he has been subject to following his arrest. (Id.). Plaintiff additionally appears to allege that his right to a speedy trial and right to face his accuser has been violated in that the victims have been subpoenaed six times and have been a "no show," and plaintiff's case has been ongoing for 16 months. (Id. at 6-7; DE 25 at 2). Plaintiff further alleges defendant Rene Trevino ("Trevino") was involved in fabricating evidence or lied to plaintiff concerning said evidence. (Complaint (DE 1) at 7; DE 25 at 2). Plaintiff alleges that he has been "wrongfully arrested for a crime [he] did not do [and] lost time from [his] family because of this situation more than 23 months altogether now," and additionally submits complaints concerning the amount of bail that has been set. (DE 25 at 2).

## DISCUSSION

A.      Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. See Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

B.   Analysis

   1.   Claims Against Defendant Sheriff's Office

Defendant Sheriff's Office is not a legal entity capable of being sued. State law determines whether a state governmental agency has the capacity to be sued. Fed. R. Civ. P. 17(b)(3) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located."). In the instant case, there is no North Carolina statute authorizing suits against sheriff's departments. Cf. N.C. Gen. Stat. § 58-76-5 (authorizing suits against sheriffs). This court has repeatedly found that sheriff's departments lack capacity to be sued in North Carolina. See, e.g., Dillon v. Mills, No. 4:16-CV-00003-FL, 2016 WL 3102015, at *2 (E.D.N.C. June 2, 2016) (citing Parker v. Bladen County, 583 F.Supp.2d 736 (E.D.N.C. 2008)) ("District courts in North Carolina have found that sheriff departments do not have capacity to be sued."); McCallister v. Lee, No. 7:13-CV-154-FL, 2014 WL 3700337, at *1 (E.D.N.C. July 24, 2014), aff'd, 585 F. App'x 56 (4th Cir. 2014) ("Under

3

North Carolina law, [the Onslow County Sheriff's Department] is not an independent legal entity with the capacity to sue and be sued.").

Defendant Sheriff Office lacks the capacity to be sued under North Carolina law, and therefore defendant Sheriff Office's motion to dismiss is granted, and plaintiff's claims against defendant Sheriff Office are dismissed.

2. Claims Against Defendants Travino and Hatcher

Plaintiff's claims against remaining defendants Travino and Lewis Hatcher ("Hatcher") also fail. It appears plaintiff's primary concern is that he has been denied his right to a speedy trial and to face his accuser. Under North Carolina law, law enforcement officers do not have authority to make prosecutorial decisions. The North Carolina Constitution expressly provides that: "The District Attorney shall . . . be responsible for the prosecution on behalf of the State of all criminal actions in the Superior Courts of his district . . . ." N.C. Const. art. IV, § 18. As stated by the North Carolina Supreme Court, "The clear mandate of that provision is that the responsibility and authority to prosecute all criminal actions in the superior courts is vested solely in the several District Attorneys of the State." State v. Camacho, 329 N.C. 589, 593 (1991).

Accordingly, neither the sheriff and his deputies nor detectives have any authority regarding the prosecution of the plaintiff or over the timing and schedule of his criminal trial. Instead, those decisions fall within the exclusive authority of the district attorney.

According to plaintiff, he is (at least as of July 3, 2017, the date plaintiff filed his reply to defendants' motions to dismiss) detained in the Columbus County detention center pending trial. As the custodian of the Columbus County detention center, the sheriff of Columbus County is duty bound to maintain custody of the plaintiff in the Columbus County detention center until such time

as an appropriate judicial official directs otherwise. See e.g., N.C. Gen. Stat. § 162-56. Likewise, plaintiff's bond has been established by a responsible judicial official, and defendants do not have the authority to reduce or otherwise alter the conditions of the plaintiff's bond.

As stated by defendants, "Plaintiff's remedy is a petition for a writ of habeas corpus directed against the North Carolina Attorney General." (DE 19 at 5). Accordingly, the court dismisses plaintiff's remaining claims for failure to state a claim for which relief can be granted.

    3.       Younger Doctrine Applicability

Alternatively, the court may not proceed with this action because federal courts are not authorized to interfere with a state's pending criminal proceedings, absent extraordinary circumstances. See Younger, 401 U.S. at 45; Kugler v. Helfant, 421 U.S. 117, 126 (1975) (defining extraordinary as "creating an extraordinarily pressing need for immediate federal equitable relief") (internal quotations omitted). Specifically, a federal court must abstain from exercising jurisdiction and interfering with a state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (quoting Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The Supreme Court, however, has recognized three exceptions to Younger abstention, first where "there is a showing of bad faith or harassment by state officials responsible for the prosecution." Kugler, 421 U.S. at 124 (internal quotations omitted); see Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 54 (4th Cir. 1989) (defining bad faith as "without a reasonable expectation of obtaining a valid conviction"). Second, where "the state law to be applied

in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions;" and third, where "there exist other extraordinary circumstances in which the necessary irreparable injury can be shown in the absence of the usual prerequisites of bad faith and harassment." Kugler, 421 U.S. at 124 (internal quotations omitted).

Here, petitioner's request for relief falls within Younger. First, petitioner is challenging an ongoing state criminal proceeding. Second, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." Nivens, 319 F.3d at 154. Third, petitioner's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (en banc) (quotation omitted). Finally, petitioner has not alleged "extraordinary circumstances" which would qualify under an exception to Younger.

## CONCLUSION

Based on the foregoing, defendants' motions for to dismiss is GRANTED (DE 13, DE 18). Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close the case.

SO ORDERED, this the 20th day of March, 2018.

LOUISE W. FLANAGAN
United States District Judge